**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Timothy Braxton, # 106811, | C/A No. 3:06-1264-GRA-JRM |
| Petitioner, | |
| v. | **ORDER** (Written Opinion) |
| State of South Carolina; and Henry McMaster, Attorney General of South Carolina, | |
| Respondents. | |

This matter is before the Court for a review of the magistrate's Report and Recommendation, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C. and was filed May 5, 2006. The Petitioner instituted the present action pursuant to 28 U.S.C. § 2254. This is his fifth petition filed under § 2254. The magistrate recommends summary dismissal of the action because the Petitioner failed to first seek authorization from the United States Court of Appeals for the Fourth Circuit before proceeding with this successive § 2254 petition. For the reasons stated below, the magistrate's Report is ADOPTED, and the above-captioned action is DISMISSED without prejudice and without requiring Respondents to file a return.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

1

drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v.*

*Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner did not file objections.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Petitioner's successive petition pursuant 28 U.S.C. § 2254 be DISMISSED without prejudice and without requiring the Respondents to file a return.

IT IS FURTHER ORDERED that the Clerk of Court for the District of South Carolina forward to Petitioner the proper forms for seeking authorization to file a successive petition from the United States Court of Appeals for the Fourth Circuit.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
May    31   , 2006.

## **NOTICE OF RIGHT TO APPEAL**

Petitioner has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.